NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3286


MARIA D. ROBINSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Maria D. Robinson, of Murrieta, California, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were James M. Eisenmann, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3286

MARIA D. ROBINSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752090246-I-1.

_____

DECIDED: February 17, 2010

_____

Before NEWMAN, LOURIE, and GAJARSA, Circuit Judges.

NEWMAN, Circuit Judge.

Maria D. Robinson appeals from a final decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing her petition as untimely filed without showing good cause for the delay.  Robinson v. Dep't of the Navy, No. SF-0752090246-I-1 (M.S.P.B. July 14, 2009).  We affirm the Board's decision.

BACKGROUND

Ms. Robinson was employed as a secretary for the Department of the Navy. After a hearing, on November 5, 2008 the Navy issued a notice of decision removing Ms. Robinson from her position, effective November 5, 2008, because of "falsification of time and attendance records." The record reflects that Ms. Robinson was represented by counsel, Mr. Todd J. Hilts. Ms. Robinson states that she obtained counsel two days before the hearing.

Ms. Robinson states that she received the Navy's notice of decision on November 10, 2008. The notice stated her right to appeal to the Board within 30 days of the removal date of November 5, 2008, or within 30 days of her receipt of the removal notice, whichever was later, pursuant to 5 C.F.R. §1201.22(b)(1), and informed her that §1201.22(c) provides for dismissal of an untimely appeal.

On November 14, 2008, Ms. Robinson's attorney sent a letter to the Navy requesting clarification of the Navy's decision. On November 15, 2008, the Navy responded that Ms. Robinson had "received all applicable statutory procedural rights," and that if she disputed the removal decision, she could appeal it as provided in the notice of decision. On December 4, 2008, Mr. Hilts sent another letter to the Navy, attaching his first letter, again requesting clarification of the Navy's decision, and requesting a 30-day extension of time to file an appeal, to January 5, 2009. On December 6, 2008, the Navy denied the request for an extension, and suggested that Mr. Hilts "file within the prescribed timeframe." The appeal was filed on January 9, 2009.

On January 28, 2009 the Administrative Judge issued an Acknowledgement Order stating that the appeal appeared to be untimely, and directing Ms. Robinson to file evidence

and argument showing either that her appeal was timely filed, or that good cause justified the delay. Ms. Robinson did not respond.

On February 18, 2009 the Navy moved to dismiss the appeal as untimely filed. The Administrative Judge then issued an Order to Show Cause again directing Ms. Robinson to explain why her appeal should not be dismissed. Ms. Robinson's initial appeal form had stated that she had filed a formal discrimination complaint against the Navy on July 11, 2008, which predated her removal; the Administrative Judge referred to this statement in the show cause order, and stated that if such a discrimination complaint had been filed and was still pending, then her appeal might have been prematurely filed, for under 5 C.F.R. §1201.154(b)(2) a Board appeal raising discrimination issues is premature unless the agency has resolved a pending formal complaint of discrimination, or a 120-day period from the filing of that complaint has elapsed.

Ms. Robinson's response to the show cause order, submitted by attorney Hilts on March 3, 2009, stated that she had filed a "grievance for a security breach" with the Navy on July 11, 2008, not a formal discrimination complaint. A copy of the grievance form was attached to the response. Mr. Hilts stated that "Appellant mistakenly believed the grievance needed to be resolved prior to filing the appeal"; however, he continued to assert that §1201.154(b)(2) rendered her appeal timely. Mr. Hilts stated that clarification of the Navy's removal decision was needed to clarify Ms. Robinson's appeal rights, and noted that the Navy had offered no such clarification in its responses to his letters of November 14, 2008 and December 4, 2008.

Mr. Hilts also invoked a provision of 5 C.F.R. §1201.22(b)(1), referenced in the notice letter, whereby the time to file an appeal is extended by 30 days, to "a total of 60

days," if the appellant and the agency "mutually agree in writing to attempt to resolve their dispute through an alternative dispute resolution process." Mr. Hilts stated that "[e]ven though there is no agreement in writing regarding alternative dispute resolution, Appellant's Representative had a few conversations with Commander LaFavour [the deciding official] regarding alternative dispute resolution and through these conversations took Commander LaFavour at [his] word that the extension of filing an appeal would be extended based on this ADR premise." Mr. Hilts argued that all of these considerations amounted to good cause for the untimely filing, and justified waiver of the time in keeping with 5 C.F.R. §1201.22(c).

In rebuttal, the Navy submitted a declaration by Commander LaFavour stating that he had no conversations with Mr. Hilts regarding alternative dispute resolution. The Administrative Judge then issued a second Order to Show Cause, ordering Mr. Hilts to attest to the dates and content of the conversations regarding alternative dispute resolution. Mr. Hilts complied, submitting a declaration in which he stated, "I did not have any conversations with Commander LaFavour." Instead he stated that he had interpreted the 30-day extension referenced in the notice of removal "as a matter of right." He also stated, "I apologize for implying that I had conversations with Commander LaFavour."

On April 6, 2009 the Administrative Judge issued an initial decision dismissing Ms. Robinson's appeal pursuant to 5 C.F.R. §1201.22(c). The Administrative Judge concluded that the appeal was untimely, and held that 5 C.F.R. §1201.154(a)(2) did not apply. On the question of good cause for the late filing, the Administrative Judge rejected the argument that the Navy's failure to provide clarification of its decision hindered Ms. Robinson's ability to file an appeal, rejected the argument that a 30-day continuance was a "matter of right,"

and rejected the argument that Ms. Robinson acted with due diligence in pursuing her appeal. The Administrative Judge determined that Ms. Robinson failed to establish good cause for the untimely filing, and accordingly declined to waive the 30-day time limit. The full Board denied review.

Ms. Robinson now appeals the dismissal. Ms. Robinson is proceeding pro se before this court.

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We review the Board's decision to determine whether it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c).

On appeal, Ms. Robinson does not identify any error in the Board's determination that her appeal was untimely, and that there was not good cause for the late filing. Rather, she states that the Board's dismissal was improper because the Board did not address the underlying merits of her case. However, the Board is not required to decide the merits of a case that is untimely filed. Accordingly, we have considered the issues of timeliness.

The Board's regulations require that "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. §1201.22(b)(1). If an appeal is not filed within this time period, "it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. §1201.22(c). To establish good cause for the delay, the Board requires the appellant to show that she exercised diligence or ordinary

prudence under the circumstances.  See Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391

(Fed. Cir. 1982).  In applying this standard, the Board considers such factors as

> the length of the delay; whether the appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected [her] ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting Alonzo v. Dep't

of the Air Force, 4 M.S.P.R. 180, 184 (1980)).  An appellant's lack of knowledge when

proceeding pro se has also been deemed relevant.  See id. at 1583.  The determination

whether good cause has been shown under the circumstances "is a matter committed to

the Board's discretion and this court will not substitute its judgment for that of the Board."

Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

While Ms. Robinson does not dispute that her appeal was filed more than 30 days

after she received the Navy's notification letter, she argued that her appeal was timely filed

because a grievance she filed with the Navy on July 11, 2008, alleging that a security

breach occurred, had not been resolved.  She argued that this grievance placed her appeal

under 5 C.F.R. §1201.154(b)(2), which states:

> (b) If the appellant has filed a timely formal complaint of discrimination with the agency:
> . . .
> (2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

Accordingly, Ms. Robinson contended that she could file her appeal "at any time" after this

120-day period.  The Administrative Judge, however, determined that §1201.154(b) applies

only to "formal complaints of discrimination," not informal grievances. The Administrative Judge found that Ms. Robinson offered no evidence that she filed a formal complaint of discrimination, and concluded that §1201.154(b) is inapplicable. We discern no error in the determination that Ms. Robinson's grievance regarding a security breach did not constitute a formal complaint of discrimination that affected the time for filing an appeal of her removal.

On the issue of good cause, the Administrative Judge considered each of her arguments, and explained why they did not show good cause. The Administrative Judge first rejected her suggestion that the Navy hindered her appeal by refusing to clarify its removal decision, noting that Ms. Robinson's counsel had been twice reminded by the Navy of the path of appeal. The Administrative Judge next found no support for Ms. Robinson's suggestion that a 30-day extension had been authorized pursuant to 5 C.F.R. §1201.22(b)(1) based on some form of agreement to pursue alternative dispute resolution. We see no error in these determinations.

Finally, the Administrative Judge rejected Ms. Robinson's argument that she had exercised diligence and should not be held responsible for any errors by her attorney. The Administrative Judge noted that Ms. Robinson had submitted no evidence in support of her alleged diligence. An appellant is generally responsible for any errors of her chosen representative, apart from limited circumstances where, in the interest of fairness, an appellant should not be penalized if her representative actually thwarts her own efforts to prosecute her appeal. E.g., White v. Dep't of Justice, 103 M.S.P.R. 312, 316 ¶12 (2006) ("[A]bsent a specific showing that he actively monitored the progress of his appeal but his representative thwarted his diligent efforts to pursue the appeal, the appellant cannot blame

his representative's alleged negligence in seeking to excuse a filing delay."), aff'd 230 Fed. Appx. 976 (Fed. Cir. 2007). The Administrative Judge found that Ms. Robinson had not alleged any deception or other affirmative wrongdoing by her representative, and concluded that mere negligence, even if shown, would not suffice to constitute good cause for the late filing. This conclusion is consistent with this court's jurisprudence, and that of the Supreme Court. See, e.g., Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986) (citing, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)).[1]

After rejecting each of these arguments, and reviewing all of the circumstances of the case including the length of the delay, the fact that the Ms. Robinson was represented by counsel at the relevant times, and the clear notice of her appeal rights and the specific time limits, the Administrative Judge did not err in determining that good cause had not been shown to excuse the late filing. The review of the factors relevant to establishing good cause was thorough, and we discern no abuse of discretion in the decision of this issue.

The dismissal of the appeal as not timely filed is affirmed.

No costs.

---

[1]    We assume that attorney Hilts has returned the unused portion of Ms. Robinson's retainer payment.