# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JULIE A. MADARANG,
Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Agency.

DOCKET NUMBER
SF-0831-14-0267-I-1

DATE: August 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Julie A. Madarang, Olongapo City, Zambales, Philippines, pro se.

Patrick Jennings, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her survivor annuity benefits appeal as untimely filed with no good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant first applied for survivor annuity benefits based on the federal service of her late husband in 2004. Initial Appeal File (IAF), Tab 5 at 40. The Office of Personnel Management (OPM) denied that application by letter dated October 22, 2004. *Id*. at 39. The appellant applied for survivor annuity benefits a second time in January 2011. *Id*. at 27-31. OPM denied that application in initial and reconsideration decisions. *Id*. at 5-6, 24-26. OPM's reconsideration decision dated November 5, 2013, included notice to the appellant of her right to file a Board appeal within 30 days after the date of the decision or 30 days after receipt of the decision, whichever was later. *Id*. at 5-6.

¶3 The appellant filed a Board appeal challenging the denial of her application on January 13, 2014. *Id*. at 1-5. In her initial appeal, the appellant alleged that she received OPM's reconsideration decision on either November 25, 2013, or November 28, 2013. IAF, Tab 1 at 2, 4. The administrative judge issued an acknowledgment order directing the appellant to file evidence and argument showing that her appeal was timely or that good cause existed for the delay. IAF, Tab 2 at 2-3. Although the appellant submitted evidence in response to the

administrative judge's order, her evidence did not relate to the timeliness issue. IAF, Tabs 6-9. The administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 10, Initial Decision (ID). The administrative judge found that the appellant's appeal was untimely because the postmark date on her appeal was more than 30 days after the November 28, 2013 date that the appellant stated she had received OPM's letter, and that the appellant failed to establish good cause for her filing delay. ID at 3-4.

<u>The appellant has failed to show good cause for the delay in filing her appeal.</u>

¶4    The administrative judge found that the appellant's appeal was filed 16 days after the filing deadline. ID at 4. We agree with this finding because the appellant claims that she received OPM's letter on November 25, 2013, or November 28, 2013, but her appeal is postmarked January 13, 2014. IAF, Tab 1 at 2-4, 19. The postmark date of January 13, 2014, is 46 days after the November 28, 2013 later receipt date and 16 days after the 30-day time limit for filing an appeal. 5 C.F.R. § 1201.22.

¶5    The appellant has the burden of proof to show the timeliness of her appeal or good reason for the delay. 5 C.F.R. § 1201.56(a)(2)(ii). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6    The appellant does not specifically address the reason for her untimely filing.  She states that she found a document in December 2013 that showed that her deceased husband honorably retired as a civilian employee of the U.S. Naval Base.  IAF, Tab 7 at 1; *see, e.g.*, IAF, Tab 1 at 16.  However, the appellant does not indicate the exact date she discovered the document or how this discovery might have affected the timeliness of her appeal.  IAF, Tab 7 at 1.

¶7    The appellant submitted additional evidence on petition for review.  Petition for Review (PFR) File, Tabs 1, 4.  Because the appellant has not shown that the evidence submitted on petition for review is new and material evidence not previously available despite her due diligence, we need not consider this evidence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In any event, the evidence is duplicative of evidence previously submitted.[2]  *See* IAF, Tab 1 at 14-18, Tab 5 at 23, Tab 7 at 1.  Additionally, the evidence does not address the issue of timeliness and instead relates to the merits of the OPM decision.  PFR File, Tab 1, Tab 4.

¶8    Because the appellant has failed to show due diligence in the filing of her appeal, she has not established good cause for her late filing.  *See White v. Department of Justice*, 103 M.S.P.R. 312, ¶ 10 (2006), *aff'd*, 230 F. App'x 976 (Fed. Cir. 2007) (dismissing an appeal as untimely when the appellant did not establish good cause for 5-day filing delay).

The appellant's claims concerning her late husband's military service are not properly before the Board in this appeal.

¶9    The appellant contends that her late husband was a veteran who should not be discriminated against.  IAF, Tab 6 at 3.  Additionally, she argues that her late husband was in the military and is covered by the Uniformed Services

---

[2] The appellant has submitted a February 19, 2014 affidavit on petition for review that was not previously submitted.  PFR File, Tab 4.  However, this affidavit is substantively identical to the February 18, 2014 affidavit that she previously submitted before the administrative judge.  IAF, Tab 7.

Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). IAF, Tab 1 at 4. To the extent that the appellant alleges claims under the Veterans Employment Opportunities Act of 1998 (VEOA) and USERRA regarding OPM's denial of her application for survivor benefits, the Board does not address the merits of these claims because, as previously discussed, the appellant's appeal against OPM is untimely. 5 C.F.R. § 1201.22. To the extent that the appellant is alleging that her late husband's employing agency violated his veterans' preference rights or discriminated against him based on his uniformed service, she would need to raise such claims in a separate appeal against the employing agency. We take no position on whether the Board would have jurisdiction over any such appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.