NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2007-3007

PATRICK M. WHITE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Patrick M. White, of Peoria, Arizona, pro se.

Raymond W. Angelo, Acting Associate General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, Rosa Koppel, Deputy General Counsel, and Thomas N. Auble, Attorney.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3007

PATRICK M. WHITE

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:   April 16, 2007

_____

Before SCHALL, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Patrick White ("Mr. White") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed without a showing of good cause for the delay.  <u>White v. Dep't of Justice</u>, 103 M.S.P.R. 312 (Sept. 7, 2006). We <u>affirm</u>.

## BACKGROUND

Mr. White retired from his position as a Heating, Ventilation, and Air Conditioning Supervisor for the Bureau of Prisons (the "agency") on February 6, 2001.  On May 31, 2001 he filed an Equal Employment Opportunity ("EEO") complaint alleging that the agency had discriminated against him on the basis of disability and as a result he was

forced to retire. After an investigation was conducted by an EEO investigator, Mr. White requested a hearing before an administrative judge of the Equal Employment Opportunity Commission. However, on January 20, 2004 the administrative judge issued an order of dismissal because, as a result of Mr. White's additional allegation of constructive retirement, the matter was a "mixed case" and had to be appealed to the Board. The administrative judge ordered that the case be returned to the agency and processed as a mixed case. As a result, on February 6, 2004, the case was submitted as a mixed case to the agency for a final decision.

On August 2, 2005, the agency issued a final decision stating that Mr. White had not established his claim. This was 543 days after the case was filed. The final decision was transmitted by certified mail to Mr. White's home and a receipt was signed for by his mother-in-law on August 5, 2005. The letter also informed Mr. White that he had thirty days from the date that he received the letter to file an appeal with the Board. Because the last day of that period fell on a Sunday, and the following Monday was a federal holiday, the notice of appeal had to be filed on Tuesday, September 6, 2005. Mr. White did not file his appeal to the Board until five days later on September 11, 2005.

On February 23, 2006, the administrative judge dismissed the appeal for lack of jurisdiction. Mr. White filed a petition for review to the Board. The Board issued a final opinion and order from which Mr. White appeals here. It dismissed Mr. White's appeal as being untimely. The Board found that the appeal was untimely because it was not filed within the thirty days required by 5 C.F.R. § 1201.154(b)(1) and good cause was not shown for the delay.

Mr. White filed an appeal to this court from the Board's decision.  This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. Standard of Review

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

### B. Timeliness of Filing of Appeal

The requirements for filing a timely appeal to the Board in a mixed case are specified by 5 C.F.R. § 1201.154(b), which states:

> (1) An appeal must be filed within 30 days after the [employee] receives the agency resolution or final decision on the discrimination issue; or
> (2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the [employee] may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

5 C.F.R. § 1201.154(b).  This requirement may only be excused if "a good reason for the delay is shown."  5 C.F.R. § 1201.22(c).

Mr. White argues that under 5 C.F.R. § 1201.154(b)(2), because the agency issued its final decision 543 days after his complaint was submitted as a mixed case, the thirty day time limit of § 1201.154(b)(1) did not apply and he could therefore file his appeal at any time.  The government disagrees with Mr. White's interpretation, arguing that § 1201.154(b)(2) "does not create an open-ended right to appeal, but rather ensures the complainant the right to come to the [Board] should his or her employing agency not promptly process a discrimination complaint."  According to the government,

in all cases in which the agency has issued a final decision the employee must file his appeal within thirty days of receipt.

When construing a regulation, we look first to the underlying statute to determine whether or not the regulation is in compliance with the statute. See Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1338 (Fed. Cir. 2006) (en banc). We then examine the language of the regulation to determine its plain meaning. Roberto v. Dep't of the Navy, 440 F.3d 1341, 1350 (Fed. Cir. 2006). In doing so, we examine the entire regulation in question rather than just the sentences at issue in isolation. Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1577-78 (Fed. Cir. 1995) (en banc). Moreover, we give broad deference to an agency's interpretation of its own regulation, "even when that interpretation is offered in the very litigation in which the argument in favor of deference is made." Cathedral Candle Co. v. U.S. Int'l Trade Comm'n, 400 F.3d 1352, 1364 (Fed. Cir. 2005). The agency's construction of its own regulation[] is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Id. (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

Here, the agency's construction is not plainly erroneous or inconsistent with the regulation as a whole. Congress has granted the Board "the authority to prescribe such regulations as may be necessary for the performance of its functions." 5 U.S.C. § 1204(h). Acting under this authority, the Board issued 5 C.F.R. § 1201.154, which prescribes the time for the filing of appeals. The language of § 1201.154(b)(1) imposes an absolute requirement that appeals be filed within thirty days of the employee's receipt of the agency's decision. Section 1201.154(b)(2) only applies in the alternate circumstance in which no final decision has been issued. This understanding of

§ 1201.154(b) is further supported by the purpose of the regulation. By preventing an agency from avoiding an appeal by simply never issuing a final decision, § 1201.154(b)(2) ensures that employees have a right to appeal in all cases. Where that final decision has been issued, even after a delay of more than 120 days, it is not inconsistent with the regulation to require that the employee file his appeal within thirty days. If the thirty day time limit were not to apply, an employee could potentially file an appeal months, years, or even decades after a final decision had been issued. This would be inconsistent with the purpose of a regulation that acts to bring cases to a timely close. We therefore find that the Board did not abuse its discretion by finding that Mr. White was required by § 1201.154(b) to file his appeal within thirty days of receiving the final decision from the agency.

Mr. White alternatively argues that his appeal was timely filed within thirty days of his receipt of the final decision, as required by § 1201.154(b)(1), because he did not receive the decision until August 13, 2005 when he returned from a trip to Arizona. However, this court has long held that constructive receipt will begin the period for filing an appeal. Anderson v. Dep't of Transp., 735 F.2d 537, 541 (Fed. Cir. 1984) (holding that a notice sent to employee's address and signed for by employee's mother was sufficient to begin the time period). Here, the agency sent the decision letter by certified mail to Mr. White's home address where it was signed for by his mother-in-law. The Board did not abuse its discretion by finding that Mr. White had thereby constructively received the letter. Because Mr. White was required to file his appeal within thirty days of that receipt, the Board properly found that Mr. White's appeal was not timely.

C. Good Cause for Delay in Filing of Appeal

While the regulations do not establish any specific test for determination of good cause being shown for the untimely filing of an appeal, this court has noted "that 'broad equitable principles of justice and good conscience' should be applied in good cause determinations." Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180, 184 (1980)). However, "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Mr. White contends that his appeal should not have been dismissed because he had good cause for the late filing. In support of this argument Mr. White cites health problems of his representative and his belief that the time period did not begin to run until he had actually received the letter. He also urges us to consider that the five day delay was not prejudicial to the agency, especially in light of the significant delay by the agency in issuing its final decision.

However, the Board did consider the short length of Mr. White's delay in filing but recognized that this court has held that even minimal delays do not justify a waiver of the filing deadline if a good reason for the delay is not show. See Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437-38 (Fed. Cir. 1986) (finding no good cause to excuse four-day delay in filing). The Board found that Mr. White had not shown that his representative's health problems hindered the timely filing of his appeal and that Mr. White had not provided any evidence to support his claim that he was diligent in attempting to file his appeal. Specifically, the Board found that Mr. White had a

personal responsibility to monitor the progress of his appeal and that he had made no such showing. See Rowe, 802 F.2d at 437-38. These findings are supported by substantial evidence in the record. Therefore, the Board did not abuse its discretion in finding that Mr. White had failed to show good cause for his delay in filing and that the filing deadline should be waived.

## CONCLUSION

We conclude that the Board has not committed legal error and its decision that Mr. White's appeal was untimely filed without a showing of good cause for his delay is supported by substantial evidence and was not an abuse of discretion. The decision of the Board is affirmed.

No costs.