# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES JASON MCCLAIN,
　　　　　　　Appellant,

　　　　　v.

DEPARTMENT OF DEFENSE,
　　　　　　　Agency.

DOCKET NUMBER
PH-0752-13-0358-I-1

DATE: July 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Jason McClain, Harrisburg, Pennsylvania, pro se.

Karen L. Saxton, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2       The appellant was removed after the agency reinstated charges against him for: (1) Sleeping on Duty; (2) Failure to Follow Proper Call Off Procedures; (3) Absence Without Leave (AWOL); and (4) Tardiness. *See* Initial Appeal File (IAF), Tab 6 at 73-74. These charges were originally issued on February 14, 2012. *Id.* at 73. The appellant accepted the terms of a last-chance settlement agreement (LCSA) on April 23, 2012, and the agency held his removal in abeyance for 3 years. *Id.* at 35-36. In the LCSA, he waived Board appeal rights for any disciplinary action taken for any misconduct committed during the term of the agreement, as well as for the charges issued on February 14, 2012. *Id.*

¶3       On April 3, 2013, the agency issued a decision notice stating that the appellant had violated the LCSA by failing to follow proper leave requesting procedures on January 2, 2013. *Id.* at 73-74. He was charged with 2 hours of AWOL. *Id.* at 73. The agency also alleged that he was granted 8 hours leave without pay in lieu of sick leave under the Family Medical Leave Act for January 25, 2013, but that, on the date of his absence, a fellow employee saw him attending the Pennsylvania Car Show in Harrisburg, Pennsylvania. *Id.* Consistent with the terms of the LCSA, the appellant was notified of these suspected violations and given an opportunity to respond. *Id.* at 64-71; *see id.* at 36. After considering his response and the evidence, the agency summarily removed him. *Id.* at 73-74. This appeal followed. IAF, Tab 1.

¶4       The appellant alleged that he did not violate the terms of the LSCA. IAF, Tab 1 at 3. The administrative judge found that he failed to nonfrivolously allege that he was not AWOL on January 2, 2013, and thus that he was in noncompliance with the LSCA and had waived his right of appeal. IAF, Tab 13, Initial Decision (ID) at 4-6. The administrative judge declined to reach the second reason for the agency action and dismissed the appeal. ID at 6.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5        A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  5 C.F.R. § 1201.114(e).   The initial decision was issued on August 28, 2013.  ID at 1.  It was distributed to the appellant and his representative, and also to the agency representative by electronic mail on August 28, 2013.  IAF, Tab 13.  The administrative judge informed the appellant that the initial decision would become the Board's final decision on October 2, 2013, unless a party filed a petition for review or the Board decided to reopen the case on its own motion.  ID at 7.  The petition for review was postmarked March 16, 2015.  Petition for Review (PFR) File, Tab 1. Based upon a finality date of October 2, 2013, *see* 5 C.F.R. § 1201.114(e), the petition for review was late-filed by 539 days.

¶6        The Board will waive its time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  A late-filed petition for review must be accompanied by a motion that shows good cause for the untimely filing, unless the Board has specifically granted an extension of time or a motion for an extension is pending.  *Id.*  The motion must be accompanied by an affidavit or statement signed under penalty of perjury, which includes the reasons for failing to request an extension before the filing deadline and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence.  *Id.*

¶7        Here, the record contains no request for an extension, and the appellant included no affidavit or statement signed under penalty of perjury.  *See* PFR File, Tab 1.  Although he was given an opportunity to submit such a statement and motion, PFR File, Tab 2, he did not do so.  Instead, his petition for review is a request for the Board to "re-open" his appeal because of the specific

circumstances he alleges. *Id.* He asserts that he "made several attempts" to contact his union representative after the appeal was filed in August 2013, and that he only heard back from his representative in January 2014. *Id.* Then, he learned that his representative "was hospitalized on and off" between August 2013 and January 2014 and that the chief union steward would be taking over the representation. *Id.* When he contacted the chief steward, however, he learned that his "case was closed, and no petition was filed by the Oct[.] 2, 2013[,] cutoff date." *Id.* He also learned on January 14, 2014, that no one had taken over his appeal in his representative's absence because he had not signed a letter of representation. *Id.*

¶8        The untimely filing of a petition for review may be waived for good cause shown. *See* 5 C.F.R. § 1201.114(g). To establish good cause for waiver, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9        Here, the delay is a lengthy one, but the appellant is pro se at present, and the record as to when he received the initial decision is unclear. The appellant avers he did not receive the electronic version when it was issued because he was not personally registered as an electronic filer.[2] PFR File, Tab 1. An appellant,

---

[2] Board records show that the appellant's email address was that of his union representative.

however, has a personal responsibility to monitor the progress of his appeal at all times, and not to leave the matter entirely in the hands of his representative. *White v. Department of Justice*, 103 M.S.P.R. 312, ¶ 12 (2006), *aff'd*, 230 F. App'x 976 (Fed. Cir. 2007); *see also Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (an appellant is responsible for the mistakes of his chosen representative).  Even if we accept his unsworn assertions about his representative's health and hospitalizations between August 2013 and January 2014, the appellant has admitted learning about the initial decision in January 2014.  PFR File, Tab 1.  He has not accounted for the delay in filing between January 2014 and March 2015.  At the latest, his appeal would have been due by the end of February 2014 and it was thus late-filed by more than a year.  He has not shown that he exercised due diligence under the circumstances of this appeal.

¶10      Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.