# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIAN BROADHEAD,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0432-17-0126-I-1 |
| 　　　　v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　　　Agency. | DATE: November 9, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kristen Farr</u>, Esquire, and <u>Rosemary Dettling</u>, Esquire, Washington, D.C.,
　　for the appellant.

<u>William Horrigan</u>, Esquire, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without a showing of good cause for the delay.　Generally, we grant petitions such as this one only in the following circumstances:　the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency imposed the appellant's removal, effective September 16, 2016. Initial Appeal File (IAF), Tab 1 at 30. In the removal letter, the agency informed him that if he wished to file a Board appeal, he must do so within 30 days of the effective date of the removal, or within 30 days of his receipt of the agency's decision, whichever was later. *Id*. at 32. The appellant electronically filed the instant appeal on November 15, 2016, acknowledged that it was untimely filed, and asserted that it should be accepted for good cause shown on the basis of a miscommunication with his attorney. *Id*. at 18, 34. In an initial decision, the administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 8, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 1, 3.

¶3    Here, the appeal would have been due 30 days after the September 16, 2016 effective date of the removal, or on October 16, 2016. 5 C.F.R. § 1201.22(b). However, because this date fell on a Sunday, the appeal was due on the next business day, which was October 17, 2016. 5 C.F.R. § 1201.23. The appellant did not electronically file his appeal until November 15, 2016. IAF, Tab 1. Thus,

as the administrative judge found, the appeal was 29 days late. ID at 3-4. The appellant does not challenge this finding on review. PFR File, Tab 1 at 5. Instead, he asserts that the administrative judge should have found that he demonstrated good cause for his delayed filing. *Id*. at 7-11.

¶4 To determine whether an appellant has shown good cause for his untimeliness, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). In determining whether the appellant has shown good cause, the Board has long held that the appellant is responsible for the failure of his representative to submit a timely filing. *White v. Department of Justice*, 103 M.S.P.R. 312, ¶ 12 (2006), *aff'd*, 230 F. App'x 976 (Fed. Cir. 2007).

¶5 The administrative judge found that the appellant's argument regarding a miscommunication with his attorneys did not constitute good cause for waiving the filing deadline because the agency informed the appellant of the filing deadline, it was incumbent upon him to monitor the appeal process, and there was no indication from his attorneys that his appeal had been filed. ID at 6-7. The appellant asserts that he acted with due diligence by pointing to the following unrebutted evidence: (1) on October 11, 2016, six days before his appeal was due, he provided his removal letter to his attorney; (2) upon providing the removal letter, he asked the attorney if he needed to do anything else, and she told him that he did not; and (3) it did not become apparent to him that the appeal had not been filed until after the attorney contacted him on November 9, 2016, regarding filing a designation of representative form. PFR File, Tab 1 at 5, 7; IAF, Tab 6 at 8-11.

¶6    An appellant has a personal responsibility to monitor the progress of his appeal at all times and not to leave the matter entirely in the hands of his representative.  *White*, 103 M.S.P.R. 312, ¶ 12.  Thus, absent a specific showing that the appellant actively monitored the progress of his appeal but his representative thwarted his diligent efforts to pursue the appeal, the appellant cannot blame his representative's alleged negligence in seeking to excuse a filing delay.  *Id*.

¶7    The agency notified the appellant of the filing deadline, and he does not dispute that he was aware of the deadline.  PFR File, Tab 1 at 5; IAF, Tab 1 at 32.  The record also reflects that the appellant did not actively monitor his appeal.  In his affidavit, the appellant indicated that when he emailed his attorney on October 11, 2016, he was under the impression that she would file his appeal by the deadline (October 17, 2016).  IAF, Tab 6 at 8.  He further stated that he did not contact his attorneys or inquire about the status of his appeal by any means until he responded to an email from one of the attorneys on November 10, 2016.  *Id*.  Under these circumstances, his miscommunication with his attorneys does not constitute good cause for the filing delay.[2]  *See White*, 103 M.S.P.R. 312, ¶¶ 10, 13 (finding no good cause shown for the 5-day delay in filing the appeal because the appellant did not show that he tried to contact his representative before the filing deadline or otherwise make any effort to ensure that his appeal was filed on time, he did not contact the Board to request an extension, and he did not explain why his representative's illness prevented him from filing on time); *Strong v. Department of the Navy*, 86 M.S.P.R. 243, ¶¶ 4, 11-12 (2000) (finding that the appellant did not establish good cause for the 12-day delay in filing his petition for review because he initially discussed filing the petition with his attorney, he

---

[2] As the administrative judge stated, even though the appellant's representatives appear to claim responsibility for the untimely filing, this does not constitute good cause because the appellant is personally responsible for prosecuting his appeal.  ID at 7; *see Retzler v. Department of the Navy*, 114 M.S.P.R. 361, ¶ 5 (2010).

contacted the attorney's office to see if he needed to do anything else, and he made no further attempts to contact his attorney before the filing deadline).

¶8        We also agree with the administrative judge that the 29-day delay is significant, and the appellant was not proceeding pro se, which are factors weighing against a finding of good cause for the delay.  ID at 7; *see Laboy v. U.S. Postal Service*, 103 M.S.P.R. 570, ¶ 9 (2006) (finding that the appellant failed to establish good cause for the untimely filing of her petition for review by almost 1 month because the delay was not minimal, she was represented by an attorney, and she did not explain how her attorney's injury and recuperation prevented her from requesting an extension); *De Vaughn v. U.S. Postal Service*, 96 M.S.P.R. 427, ¶¶ 6, 8 (2004) (concluding that the appellant did not show good cause for the over 1-month delay in filing his petition for review in part because he was represented on review, even though he was pro se below); *Edeburn v. U.S. Postal Service*, 95 M.S.P.R. 486, ¶¶ 15-16 (2004) (finding that the appellant did not demonstrate good cause for the 8-day delay in filing her appeal when, among other things, she was represented and received ample notice of the time requirements for filing an appeal in the agency's decision letter).  Thus, we agree with the administrative judge's decision that the appellant has not demonstrated good cause for his untimely appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.