**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DETLEF GOELLNER,
                Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,
                Agency.

DOCKET NUMBER
SF-0752-16-0757-I-1

DATE: November 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Detlef Goellner</u>, Bellingham, Washington, pro se.

<u>Lawrence J. Lucarelli</u>, Esquire, Seattle, Washington, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency proposed placing the appellant, a GS-13 Customs and Border Protection (CBP) Supervisory Officer, on an indefinite suspension because the State of Washington charged him with three crimes for which a sentence of imprisonment may be imposed:  a single count of Reckless Burning in the First Degree, a class C felony; and two counts of Reckless Endangerment, a gross misdemeanor.  Initial Appeal File (IAF), Tab 1 at 4-6, 12-13.  The appellant responded to the agency's proposal letter.  *Id.* at 32-33.  The deciding official sustained the charges and found that the penalty was appropriate based on the seriousness of the crimes and the standard of conduct expected from a supervisory officer like the appellant.  *Id.* at 7.

¶3      The suspension became effective upon the appellant's August 1, 2016 signed receipt of the agency's decision letter, which provided that the suspension would continue until:  (1) the resolution of the criminal charges; (2) the completion of any agency investigation concerning the factual situation that formed the basis of the criminal charges; or (3) the notice period of any adverse

action proposed based on the factual situation that resulted from or formed the basis of the criminal charges. *Id.* at 7-10. The letter also informed the appellant:

> You have the right to appeal this action to the Merit Systems Protection Board (MSPB) in two instances. First, you may appeal my decision to indefinitely suspend you any time after the effective date of this action but not later than thirty (30) calendar days after your receipt of this letter. If your appeal is late, it may be dismissed as untimely. Second, you also have the right to appeal to the MSPB your continuation in an indefinite suspension duty status after the conclusion of the criminal proceedings and any administrative actions which CBP may take against you if you believe the continuation of the suspension becomes unreasonable. Such an appeal should be filed within thirty (30) calendar days of the date you think the indefinite suspension has become unreasonable.

*Id.* at 8.

¶4    The appellant filed this appeal of his indefinite suspension on September 6, 2016. IAF, Tab 1. The administrative judge issued an order giving the appellant notice of his burden to demonstrate that his appeal was timely filed or that good cause existed for the delay, and she set a date for the close of the record on the timeliness issue. IAF, Tab 3. The appellant's only response addressed the merits of the agency's action but not the timeliness of his appeal. IAF, Tab 6. Because she found that the appellant failed to establish that he timely filed his appeal or that good cause existed for the delay, the administrative judge issued an initial decision that dismissed the appeal as untimely filed. IAF, Tab 10.

¶5    In his petition for review, the appellant asserts that he responded in a timely fashion to the agency's proposal letter and that he filed his appeal late because the decision letter "stated 30 days or 30 days from when I believe that the suspension has become unreasonable." Petition for Review (PFR) File, Tab 1. He acknowledges that he may have misunderstood the deadline, explaining that he has no experience in these matters and no one to help him. *Id.* The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The appellant bears the burden to prove by preponderant evidence that his appeal was timely filed.  5 C.F.R. § 1201.56(b)(2)(i)(B).  The Board's regulations provide that an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later.  5 C.F.R. § 1201.22(b).  As noted above, the appellant received the agency's decision on August 1, 2016, making his appeal due on August 31, 2016.  *Id.*; IAF, Tab 1 at 10.  The date of a filing submitted by mail is determined by the postmark date.  5 C.F.R. § 1201.4(*l*).  The appellant's appeal is postmarked September 6, 2016.  IAF, Tab 1.  Thus, we agree with the administrative judge that the appellant untimely filed his appeal.

¶7    To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *E.g.*, *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board considers the length of the delay, the reasonableness of the appellant's excuse and his showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition.  *E.g.*, *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8    In the absence of a showing of good cause, the Board has dismissed appeals as untimely filed even when the filing delay was minimal.  *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (holding that the appellant failed to show good cause for his 3-day filing delay); *White v. Department of Justice*, 103 M.S.P.R. 312, ¶¶ 10, 15 (2006) (determining that the

appellant failed to show good cause for his 5-day filing delay), *aff'd*, 230 F. App'x 976 (Fed. Cir. 2007). In his only responsive pleading below, the appellant failed to offer any explanation as to why he had been unable to submit a timely appeal. IAF, Tab 6. Thus, despite the minimal delay, we find that the appellant has failed to demonstrate good cause for the untimeliness of his appeal.

¶9     Further, despite the appellant's pro se status and his professed inexperience with Board matters, PFR File, Tab 1, it is well established that lack of familiarity with the Board's practices does not constitute good cause for waiver of its timeliness requirements, *Mata v. Office of Personnel Management*, 53 M.S.P.R. 552, 554–55, *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992) (Table); *see Caballero v. Department of the Army*, 59 M.S.P.R. 298, 302 (1993) (finding that inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiver of the Board's deadlines). Considering the clarity with which the agency explained the appellant's appeal rights, the appellant's explicit acknowledgment that the agency's decision letter notified him that he had "30 days to appeal this decision" to the Board, and his failure to address the timeliness of his appeal in his response to the administrative judge's order below, IAF, Tab 1 at 1, 8, Tabs 3, 6, we agree with the administrative judge that the appeal was untimely filed without good cause shown for the delay.

¶10    For these reasons, we affirm the administrative judge's decision to dismiss the appeal as untimely filed with no showing of good cause for the delay.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                       /s/ for

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.