## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM M. TABER,
           Appellant,

      v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
AT-0752-16-0709-C-1

DATE: May 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vicki S. Fuller, Redstone Arsenal, Alabama, for the appellant.

Angela Slate Rawls, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his petition for enforcement as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective July 8, 2016, the agency removed the appellant from his position as a GS-12 Equipment Specialist (Aircraft). *Taber v. Department of the Army*, MSPB Docket No. AT-0752-16-0709-I-1, Initial Appeal File (IAF), Tab 2 at 1-4. He appealed his removal to the Board, and the parties subsequently reached an agreement to settle the appeal. IAF, Tabs 1, 13-15. In an October 4, 2016 initial decision, the administrative judge entered the settlement agreement into the record for purposes of enforcement by the Board, and he dismissed the appeal as settled. IAF, Tab 16, Initial Decision (ID) at 1-2.

On or about June 25, 2019, the appellant filed a petition for enforcement alleging that the agency had breached the settlement agreement by failing to pay him "30 days back pay." *Taber v. Department of the Army*, MSPB Docket No. AT-0752-16-0709-C-1, Compliance File (CF), Tab 1 at 1.[2] The administrative judge issued a show cause order explaining that the appellant's petition for enforcement may be untimely, and he informed the appellant of his burden of

---

[2] Although the administrative judge referred to the filing date as June 28, 2019, CF, Tab 11 at 2, it appears that the petition was postmarked June 25, 2019, CF, Tab 1 at 6. This minor discrepancy in the context of a nearly 3-year filing delay is immaterial to the outcome of this proceeding.

proof to establish either the timeliness of his petition or that good cause existed for the delay. CF, Tab 6 at 1-2 (citing 5 C.F.R. § 1201.182(a)). The administrative judge ordered the appellant to file a response addressing the timeliness issue, CF, Tab 6 at 2; however, apart from designating a representative, CF, Tab 7 at 1-2, the appellant did not respond.

Thereafter, on August 8, 2019, the administrative judge issued a compliance initial decision on the written record dismissing the appellant's petition for enforcement as untimely filed. CF, Tab 11, Compliance Initial Decision (CID) at 1, 3. In so doing, the administrative judge explained that the appellant had not responded to his order on timeliness, and, therefore, he had failed to show that good cause existed for his nearly 3-year delay in filing his petition for enforcement. CID at 3.

Later that same day, the appellant faxed a document entitled "MOTION FOR RECONSIDERATION" to the regional office, which was forwarded to the Office of the Clerk of the Board. Compliance Petition for Review (CPFR) File, Tab 1, Tab 2 at 1. In this August 8, 2019 filing, the appellant averred that his representative encountered difficulties with "the MSPB system," and he indicated that she did not receive any Board filings other than the initial decision. CPFR File, Tab 1 at 2. The Office of the Clerk of the Board requested clarification as to whether the August 8, 2019 filing constituted a petition for review. CPFR File, Tab 2 at 1.[3] Thereafter, on September 12, 2019, the appellant filed a document entitled "PETITION FOR REVIEW" wherein he asserted that he did not receive an opportunity to show cause. CPFR File, Tab 3 at 2. The agency has responded in opposition, contending, among other things, that the appellant had sufficient opportunity to explain his untimeliness but that he failed to do so.[4] CPFR File, Tab 5 at 5.

_____

[3] In so requesting, the Acting Clerk of the Board explained that the office had attempted to contact the appellant's representative via email on two occasions, but it had not received a response. CPFR File, Tab 2 at 1 n.*.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for enforcement alleging a breach of a settlement agreement must be filed within a reasonable time after the petitioner becomes aware of the breach. *Kasarsky v. Merit Systems Protection Board*, 296 F.3d 1331, 1335 (Fed. Cir. 2002) (citing *Adamcik v. U.S. Postal Service*, 48 M.S.P.R. 493, 496 (1991)). The time is measured from the point at which the petitioner has "actual knowledge of a specific act that constitutes a breach, not merely an unsubstantiated suspicion." *Poett v. Merit Systems Protection Board*, 360 F.3d 1377, 1381 (Fed. Cir. 2004).

We discern no basis to disturb the administrative judge's reasoned conclusion that the appellant's petition for enforcement should be dismissed as untimely filed without good cause shown. CID at 1, 3. To this end, the initial decision dismissing the appellant's removal appeal as settled provided that "[a]ny petition for enforcement must be filed promptly after you discover the asserted noncompliance." ID at 2. Thus, the appellant received notice that he had a limited amount of time to file a petition for enforcement following the discovery of a breach of the parties' agreement. *Cf. Price v. Department of the Navy*, 49 M.S.P.R. 525, 526-27 (1991) (finding that the appellant established good cause for her 7-month delay in filing a petition for enforcement when, among other things, neither the initial decision in the removal appeal nor the settlement agreement specified a time for filing a petition for enforcement). As set forth in the compliance initial decision, the appellant filed his petition for enforcement

---

[4] In so asserting, the agency avers, among other things, that the parties discussed the show cause order during a telephone conference with the administrative judge. CPFR File, Tab 5 at 4. In his August 8, 2019 filing, the appellant's representative acknowledges that she took part in a telephone call with the agency representative and the administrative judge, but she suggests that the administrative judge only ordered the appellant to designate a representative. CPFR File, Tab 1 at 2. Apart from the parties' assertions on review, the record is devoid of information regarding the purpose or scope of this conference call. We find it unnecessary to resolve any dispute in this regard because the appellant has failed to show good cause for waiving the time limit even accepting his version of the conference call.

nearly 3 years after the initial decision dismissing his removal appeal as settled, and he neither explained when he became aware of the alleged breach of the parties' agreement nor alleged that he filed his petition within a reasonable time thereafter. CID at 3; *see Kasarsky*, 296 F.3d at 1335.

On review, the appellant again fails to explain when he became aware of the alleged breach of the parties' settlement agreement or why he waited nearly 3 years to file his petition for enforcement. CPFR File, Tabs 1, 3. Instead, he asserts that (1) his representative encountered difficulties with "the MSPB system," and (2) he "filed a grievance about the pay and then later withdrew the grievance and filed for enforcement with the MSPB." CPFR File, Tab 1 at 2, Tab 3 at 2. Both of these assertions are unavailing.

Here, the record indicates that the appellant was served electronically with a copy of both the show cause order and the initial decision. CF, Tab 6 at 3, Tab 12 at 1. Thus, the appellant's assertions regarding his representative's difficulties with the Board's filing system and her alleged nonreceipt of certain Board filings are immaterial. *See White v. Department of Justice*, 103 M.S.P.R. 312, ¶ 12 (2006) (explaining that the appellant has a personal responsibility to monitor the progress of his appeal at all times and not to leave the matter entirely in the hands of his representative), *aff'd*, 230 F. App'x 976 (Fed. Cir. 2007); *see also Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (explaining that an appellant is responsible for the errors of his chosen representative). In any event, the appellant's petition for review fails to contain any material argument or evidence bearing on the timeliness issue. *See* 5 C.F.R. § 1201.114(b) (explaining that a petition for review must, among other things, include all of the party's legal and factual arguments).

The appellant's assertion that he filed a grievance is also unavailing. CPFR File, Tab 3 at 2. Although unclear, the appellant may be alleging that his petition for enforcement was timely filed because he awaited the outcome of an internal agency grievance process before filing with the Board. *See id*. However, the

record is devoid of any specific evidence or argument regarding the nature or timing of the appellant's alleged grievance. Moreover, an appellant's pursuit of his appeal rights in another forum does not constitute good cause for an untimely filing. *Chudson v. Environmental Protection Agency*, 71 M.S.P.R. 115, 118-19 (1996), *aff'd*, 132 F.3d 54 (Fed. Cir. 1997).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.